IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEVEN M. COPELAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:11-CV-363 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act, filed by Plaintiff, Steven M. Copeland, on September 4, 2012 (DE #22). For the reasons set forth below, the application is **GRANTED**. An EAJA award of $12,404.29 in fees[1] and $386.07 in costs is awarded to Plaintiff, Steven M. Copeland.[2]

DISCUSSION

---

[1] This includes the time spent preparing the fee application and reply in support. *See Commissioner, INS v. Jean*, 496 U.S. 154, 162 (1990); *Lechner v. Barnhart*, 330 F.Supp.2d 1005, 1013 (E.D. Wis. 2004).

[2] The Supreme Court recently decided that any award of EAJA funds should be made to Plaintiff, not Plaintiff's counsel. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2010 WL 2346547 (U.S. June 4, 2010).

The Equal Access to Justice Act ("EAJA") authorizes an award of fees and other expenses to a party who prevails against the United States in a civil action where: (1) the claimant is a "prevailing party"; (2) the government's position was not substantially justified; (3) there are no "special circumstances [that] make an award unjust"; and (4) the fee application is submitted within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A) and (B); *see also Golembiewski v. Barnhart*, 382 F.2d 721, 723-24 (7th Cir. 2004). The EAJA provides that any attorneys' fee award must be reasonable. 42 U.S.C. § 2412(d)(2)(a). A trial court's award of attorney fees pursuant to the EAJA is reviewed under the abuse of discretion standard. *Pierce v. Underwood*, 487 U.S. 552, 560 (1988); *Golembiewski*, 382 F.3d at 723.

In this case, the Commissioner does not dispute that Plaintiff was the prevailing party, and the Government's position was not substantially justified. Nor does the Commissioner challenge the hourly rate charged by attorneys or the legal assistants. Rather, the Commissioner argues that the amount of time spent, and the resulting fees requested, are unreasonable. In Plaintiff's moving motion, the requested fees breakdown as 64.9 attorney hours at $182.75 per hour, 1.3 hours of legal assistant time at $95 per hour (for a total of $11,983.97), plus costs of $386.07. (DE #22.) The Commissioner argues that excess time was expended on this case

2

because two attorneys worked on it. Additionally, he claims that issues raised by Plaintiff were straightforward and raised in prior briefs filed by Plaintiff's attorney. Moreover, the Commissioner challenges the time expended on several particular tasks. He claims that more than 18 hours of time to read and abstract the administrative record was excessive, and 17 hours to draft the initial brief and 15 hours to research and draft the reply brief, was not reasonable. The Commissioner then goes on to cite a number of cases, but none from the Seventh Circuit, generally holding that 20-40 hours is a reasonable expenditure of time for the average social security disability case.

In his reply in support of the EAJA motion, Plaintiff argues the time claimed for the enumerated, challenged tasks was appropriate. The administrative record was 1000 pages long, thus Plaintiff claims it took significant time to abstract. Additionally, Plaintiff's opening merits brief was 25 pages long, and the reply in support 13 pages, thus the details provided in the briefs filed justifies the time the attorneys spent.

This Court has reviewed the time entries submitted by Plaintiff's counsel and finds that the requested number of hours – 64.9 attorney hours and 1.3 hours of legal assistant time, is within the permissible range of social security cases found in this Circuit, 40 to 60 hours. *See, e.g., Schulten v. Astrue*, No. 08 CV 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (collecting

3

cases) (holding that 40-60 hours falls within the "permissible range for social security cases, which has been noted to be 40-60 hours"); *Martinez v. Astrue,* No. 2:10-CV-370-PRC, 2012 WL 1563907 (N.D. Ind. April 30, 2012) (awarding $11,072.81 in fees); *Reed v. Astrue*, No. 08-5604, 2010 WL 669619, at *3-4 (N.D. Ill. Feb. 19, 2010) (awarding $10,710 in attorneys' fees for 63 hours of attorney time); *Simms v. Astrue*, No. 2:08-CV-00094-PRC, 2009 WL 1659809, at *6 (N.D. Ind. June 12, 2009) (awarding fees for 55.2 hours of attorney time); *Gibson-Jones v. Apfel*, 995 F.Supp. 825, 827 (N.D. Ill. 1998) (awarding $8,044.50 in attorneys' fees for 65.75 hours of attorney time).

Finally, Plaintiff's attorney claims it is standard procedure in his office to have an associate attorney initially evaluate the merits of filing a claim, and be responsible for research and initial drafts, and the senior attorney to review and edit that work. Courts have recognized the propriety of dividing work between a senior and junior attorney. *See Reed*, 2010 WL 669619, at *3 (quotation omitted) ("it is entirely appropriate (and indeed reflects the realities of the market) that a senior attorney will guide and advise a junior attorney rather than take the laboring oar with respect to researching and drafting briefs."). In sum, the Court finds that the amount of time spent on the enumerated tasks is reasonable, there are no excessive, duplicative, or unnecessary charges, and that the fee request is within the realm

of fees awarded in comparable cases.

CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act is **GRANTED**. An EAJA award of $12,404.29 in fees and $386.07 in costs is awarded to Plaintiff, Steven M. Copeland.

**DATED: October 17, 2012**          /s/ RUDY LOZANO, Judge
                                     **United States District Court**